JS-6

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN (Cal. Bar #190414)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2727
    Facsimile: (213) 894-7177
    E-mail: jonathan.galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED
CLERK, U.S. DISTRICT COURT
July 17, 2016.
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    vs.<br><br>A TOTAL OF $795,973.00 IN U.S. CURRENCY, ET AL.<br><br>               Defendants.<br><br>JON STORMS, JOSEPH STORMS, SUSY STORMS, BRYAN GOVERNOR, and STORMS9080811 LLC,<br><br>               Claimants. | CV 13-00525 SJO (JCGx)<br><br>CONSENT JUDGMENT OF FORFEITURE |

    Plaintiff and Claimants Jon Storms, Joseph Storms, Susy Storms, Bryan Governor, and Storms90808II LLC ("Claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety. The defendant

assets were seized from Claimants, and they assert an interest in the defendant assets and have filed claims in this case and have answered the complaint.  No other claims or answers were filed, and the time for filing claims and answers has expired.  No other person other than potential claimant Rebecca Rychlak is believed to have any claim to the defendant assets.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES:**

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.  Claimants have filed claims and answers to contest the forfeiture of the defendant assets.  No other claims were filed, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant assets.  Any potential claimants to the defendant assets other than Claimants are deemed to have admitted the allegations of the complaint with respect to the defendant assets.

2. The following defendant assets shall be returned to Claimants as follows:

   a. $1,000.00 in U.S. currency, seized on August 22, 2012, without interest shall be returned to potential claimant Rebecca Rychlak);

The following assets shall be returned to Claimants through their counsel:

  b. $997.00 in U.S. currency, seized on August 22, 2012, without interest;

  c. $547.00 in U.S. currency, seized on August 22, 2012, without interest;

  d. $490.00 in U.S. currency, seized on August 22, 2012, without interest;

  e. Funds totaling $38,468.84, seized on August 24, 2012 from a Chase Bank account with the last four digits ending in number 1225 and held in the name of Jon Storms, without interest;

  f. Funds totaling $5,359.63, seized on August 24, 2012 from a Wells Fargo Bank account with the last four digits ending in 1475 and held in the name of Jon Storms and Holly Westover, without interest;

  g. One 1964 Buick Riviera (VIN # 7K1209549);

  h. One 1970 Chevrolet Camaro (VIN # 124870L522766);

  i. One 1950 Mercury Coupe (VIN # 50SL91267M);

  j. One 2007 Mercedes Benz S550 (VIN # WDDNG71X07A023603);

  k. One 2004 BMW 745i (VIN # WBAGN63574DS55959);

  l. One 1937 Chevrolet GA Master Deluxe (VIN # 5GB0521326);

  m. One 2001 Newmar Mountain-Aire recreational vehicle (VIN # 4VZBN24921C038486);

  n. One 2009 special construction custom motorcycle (VIN #1L9HB21384C352016);

  o. One 2009 special construction custom motorcycle (VIN # 1CFLR050000933);

     p.    One 1950's-60's Mobil Oil Wayne 505 Service Station Gas Pump; and

     q.    $110,000.00 in escrow funds, without interest.

The United States shall return the above-listed assets in Paragraph 2 not later than 45 days after (a) the court enters this Consent Judgment and (b) Claimants provide to the government the bank routing and personal identifiers needed to effect a wire transfer of any returned funds, whichever is later.

    3.    The following assets shall be forfeited to the United States, and no other right, title or interest shall exist therein.  The Government shall dispose of the following according to law:

     a.    $573,616.01 in U.S. currency, seized on August 22, 2012;

     b.    $192,611.10 in U.S. currency, seized on August 22, 2012;

     c.    $13,715.00 in U.S. currency, seized on August 22, 2012;

     d.    $12,997.00 in U.S. currency, seized on August 22, 2012;

     e.    $217,817.92 in escrow funds; and

     f.    Funds totaling $5,714.33, seized on August 24, 2012 from a Southland Credit Union account with the last four digits ending in 7006 and held in the name of Quality Discount Caregivers, Inc.

    4.    Claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees

and agents of the Drug Enforcement Administration ("DEA"), as well as all agents, officers, employees and representatives of any state or local government or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant assets and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Claimants have waived any rights they may have to seek remission or mitigation of the forfeiture.

    5. The court finds that there was reasonable cause for the seizure of the defendant assets and the institution of this action as to the defendant assets. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant assets.

//
//

6. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant assets.

DATED: July 17, 2016

*S. James Otero*

_____
THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Prepared by:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section